IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIMKUS CONSULTING GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-1494 |
| | § | |
| RAULT RESOURCES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Rault Resources, Inc. and its president, Joseph M. Rault, have moved to extend the deadlines in this suit by 120 days on the ground that they did not undertake formal discovery pending this court's ruling on their motion to dismiss for lack of personal jurisdiction. The defendants assert that conducting discovery before that motion was denied would have waived their jurisdictional objection. The defendants also assert that Rault has had eye surgeries for a detached retina, further impeding discovery. (Docket Entry No. 33, Ex. A at 2).

This court denied the defendants' motion to dismiss on March 31, 2008. The scheduling order, issued on September 25, 2007, set a discovery cut-off date of April 25, 2008 and a pretrial motions deadline of May 23, 2008, with a final pretrial conference on July 25, 2008. On June 6, 2008, this court reset the final pretrial conference for August 8, 2008. The defendants did not request this extension until May 23, 2008, 53 days after the motion to dismiss was denied and 28 days after the discovery deadline had expired.

A party that raises a jurisdictional defense does not waive that defense by subsequently conducting discovery. *See, e.g., Jonnet v. Dollar Savings Bank of the City of New York*, 530 F.2d 1123, 1125 n.5 (3d Cir. 1976) (finding that the defendant did not waive objection to personal jurisdiction, raised in its answer, by conducting discovery for over a year before filing a motion to dismiss); *Classic Motel, Inc. v. Coral Group, Ltd.*, 149 F.R.D. 528, 532 (S.D. Miss. 1993) ("Nor does Patel's participation in this case prior to this court's ruling on a dispositive motion waive his right to assert the defense of lack of personal jurisdiction which Patel preserved when he raised it in his responsive pleading."); *Wilson v. Kuwahara Co.*, 717 F. Supp. 525, 527 (W.D. Mich. 1989) (defendant that raised a lack of personal jurisdiction defense in its answer did not waive that defense by participating in discovery and other pretrial activities). The defendants have failed to explain why Rault's medical condition prevented them from conducting any discovery. Nor have the defendants explained why they failed to file a motion to extend the discovery deadline until long after both the motion to dismiss was denied and the discovery deadline had expired.

The defendants' motion to extend the deadlines is denied.

SIGNED on June 30, 2008, at Houston, Texas.

                                             _____
                                                        Lee H. Rosenthal
                                                  United States District Judge